# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH P. GEE,                ) | |
|                                )  | |
|     Plaintiff,                 ) | Case No. CV 03-432-S-LMB |
|                                ) | |
| v.                             ) | |
|                                ) | **ORDER** |
| DIRK KEMPTHORNE, SECRETARY, UNITED ) | |
| STATES DEPARTMENT OF THE INTERIOR, ) | |
| in his official capacity as representative of the ) | |
| UNITED STATES DEPARTMENT OF THE ) | |
| INTERIOR; JOHN AND JANE DOES 1-10; ) | |
| JOHN DOE GOVERNMENTAL ENTITIES ) | |
| 1-10; DOE PARTNERSHIPS, CORPORATIONS, ) | |
| FIDUCIARIES, or OTHER ENTITIES 1-10, ) | |
|                                ) | |
|     Defendants.                ) | |
| _____) | |

Currently pending before the Court is Defendants' Motion for Reconsideration. (Docket No. 91). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending Motion would not be significantly aided by oral argument, the Court will address and resolve the Motion without a hearing. Having carefully reviewed the record, the memoranda of counsel, and the Third Declaration of Paul Rachetto, and otherwise being fully advised, the Court enters the following Order.

**ORDER -1-**

I.

# MOTION FOR RECONSIDERATION[1]

A.   **Standards of Law**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

B.   **Discussion**

On January 30, 2007, the Court entered an Order denying Defendants' request to moot Plaintiff's equal protection claim.[2] (Docket No. 89). Defendants had argued that this claim was moot because it challenges e-mail policies no longer in existence. Defendants' request was denied based on a lack of evidence to establish that the challenged conduct (i.e., treating Plaintiff differently than other employees with respect to computer use) could not reasonably be expected

---

[1] The facts are set forth more fully in the Order on Defendants' Motion in Limine (Docket No. 89) and are incorporated by reference in this Order.

[2] The Order also granted Defendants' request to deem moot Plaintiff's First Amendment and Religious Freedom Restoration Act claims. Plaintiff has argued in his response brief that "his claim based on unequal application of the e-mail policies is not grounded solely on the equal protection component of the Fifth Amendment, but also on the First Amendment." *Plaintiff's Opposition to Motion for Reconsideration*, p. 2 (Docket No. 92) (citing *Cook v. Gwinnett County Sch. Dist.*, 414 F.3d 1313, 1321 (11th Cir. 2005). The Court notes, however, that Plaintiff has not requested reconsideration of the dismissal of his First Amendment and Religious Freedom Restoration Act claims as moot, and the only grounds upon which Plaintiff previously objected to Defendants' mootness argument were (1) that he was challenging the orders given to him by Defendants based on the old email policies and (2) that he was requesting the removal of the restrictions imposed by these orders and removal of the orders themselves from his file. As noted in the prior Order, Defendants have removed the earlier restrictions on Plaintiff's computer use and the orders from his file. Thus, the relief Plaintiff seeks in this action and suggested should keep his claims from being mooted, has already been provided.

**ORDER -2-**

to start up again.  *Order*, p. 10 (Docket No. 89) (explaining that Defendants have not demonstrated that this type of alleged treatment will not be repeated simply because the e-mail policy has changed).  The Order more particularly stated that "[a]lthough the Department of Labor now sets the standards for e-mail and computer use, Plaintiff's supervisors presumably are still charged with applying those standards to Plaintiff's e-mail activity."  *Id.*

This presumption[3] was based on a lack of evidence contained in the record explaining precisely who would be responsible for applying the policy to the computer use of employees at the Bureau of Reclamation ("BOR") and in light of Defendants' "heavy burden" of persuading the Court that the conduct could not reasonably be expected to recur.  *See White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000).  In the record at the time of the January 30, 2007 Order, when the mootness decision was made, was the Declaration of J. William McDonald, Regional Director of the BOR, stating that Mr. McDonald sent Plaintiff "an official Bureau of Reclamation Memorandum advising him the only email use policy to which he is subject at this time is the [Department of Labor] policy . . . and that any restrictions placed on his use of BOR's email system [by the memoranda from 2000 and 2003] are no longer in [effect]."  *Third McDonald Declaration*, p. 2 & Exhibit A (Docket No. 82).  Also in the record was a memorandum regarding the change in e-mail policy, which was provided to Plaintiff by a BOR employee and not by the Department of Labor.  *See Second Rachetto Declaration*, Exhibit A (Docket No. 83).

---

[3] A "presumption" is "a legal inference as to the existence or truth of a fact not certainly known that is drawn from the known or proved existence of some other fact," and is not the same as an assumption, which involves taking something for granted or as true and may be made without engaging in the process of drawing inferences from known facts.  *See* MERRIAM-WEBSTER ONLINE DICTIONARY, http://m-w.com/dictionary (last visited Feb. 1, 2007).

**ORDER -3-**

Thus, the evidence in the record indicated that BOR employees still had some responsibility in connection with the e-mail policies.

Although the new Job Corps Rules of Behavior and Internet and Email Usage Policies, Procedures, and Guidelines (provided by Defendants in connection with its briefs on the mootness issue) have covers labeled "US DEPARTMENT OF LABOR, Office of Job Corps," *id.* at Exhibit C, p. 1; Exhibit D, p. 1 (Docket No. 83), the Rules of Behavior also provide that employees who violate the rules "may be subject to disciplinary action *at the discretion of Job Corps' management*." *id.* at p. 3 (emphasis added).[4]  Considering all of this evidence as a whole, and the lack of any affirmative evidence in the record regarding who would apply the e-mail policies at the Job Corps' centers and impose punishment for violations of the policies,[5] the statement in the prior Order indicating that BOR employees may still be charged with applying the new e-mail policy is an accurate statement of the record evidence at the time of the January 30, 2007 Order (Docket No. 89).

Defendants now argue that this ruling amounts to a "clear error of fact." *Memorandum in Support of Motion for Reconsideration*, p. 2 (Docket No. 91, Att. 2).  It is notable that the alleged factual error is based on new information provided by Defendants with the reconsideration motion (the Third Declaration of Paul D. Rachetto) and not on information contained in the

---

[4]  It is notable that the Internet and Email Usage Policies, Procedures, and Guidelines do not contain this same statement, however, neither do they establish the procedure for enforcing the policies and imposing punishment, with regard to which agency will perform these duties. *Second Rachetto Declaration*, Exhibit D (Docket No. 83).

[5]  Although Defendants argued in their brief on mootness that "[a]ll future e-mails will be judged by [the Department of Labor] under [their] policy," there is no cite to a declaration, exhibit, or affidavit establishing this fact, nor did the Court's review of the record reveal any evidentiary basis for this assertion.  *See Defendants' Reply Trial Brief*, p. 7 (Docket No. 81).

**ORDER -4-**

record at the time the January 30, 2007 Order was entered.[6]  Mr. Rachetto's Declaration describes the process BOR will follow in determining whether a Job Corps employee has violated the Department of Labor's e-mail use policy.  *Third Rachetto Declaration*, at p. 2 (Docket No. 91, Att. 3).  Mr. Rachetto explains that "[i]f BOR believes there is a violation or misuse of the e-mail or computer system the Office of Job Corps will be notified," and this office "will make the determination if there is in fact a violation of [Department of Labor] policy and they will notify BOR of the violation or misuse and *BOR will take appropriate action* as a result of the notification."  *Id.* at ¶ 4 (emphasis added).  The Declaration also states that the BOR will rely on the [Department of Labor], Office of Job Corps, to make the determination if there is a violation or misuse of e-mail and computers."  *Third Rachetto Declaration,* ¶ 3.  However, there is nothing in the official policies that provide for this process.  Moreover, BOR will still determine the "appropriate action" to take for a violation.  For all these reasons, and because the burden of persuasion is a heavy one placed on Defendants, *White*, 227 F.3d at 1243, no clear error of fact exists upon which to grant Defendants' requested reconsideration.

---

[6] Defendants do not argue that this is "newly discovered evidence," nor could it be considered as such because "[t]he overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'"  *ACandS*, 5 F.3d at 1263.

**ORDER -5-**

## II.

## ORDER

THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration (Docket No. 91) is DENIED.



DATED: **February 1, 2007**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER -6-**